NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 12 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SYLVIA SANTOS, | No. 19-55906 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-02130-LAB-MDD |
| v. | |
| OFFICE DEPOT, INC.; DOES, 1-100, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted August 5, 2020**

Before: SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Sylvia Santos appeals pro se from the district court's judgment dismissing

her action alleging various claims. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a dismissal under the *Rooker-Feldman* doctrine. *Noel v. Hall*,

341 F.3d 1148, 1154 (9th Cir. 2003). We may affirm on any basis supported by

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Dismissal of Santos's state law claims for aggravated assault and battery on the basis of claim preclusion was proper because Santos raised these claims in a prior state court action that resulted in a final judgment on the merits. *See San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009) (elements of claim preclusion under California law); *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1143 (9th Cir. 2004) (a federal court relies on "the preclusion law of the state court that rendered the earlier judgment or judgments to determine whether subsequent federal litigation is precluded").

Contrary to Santos's contention, any allegation or claim that the state court denied her due process is barred by the *Rooker-Feldman* doctrine. *See Noel*, 341 F.3d at 1163-65 (discussing *Rooker-Feldman* doctrine).

The district court did not abuse its discretion by denying Santos's June 27, 2019 post-judgment motion under Federal Rule of Civil Procedure 60(b) because Santos failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth the standard of review and grounds for relief under Rule 60(b)).

To the extent Santos contests the district court's order denying her August 2, 2019 Rule 60(b) motion, we lack jurisdiction to consider the district court's order

because Santos failed to file an amended notice of appeal. *See* Fed. R. App. P. 4(a)(4)(B)(ii); *Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007).

The district court did not abuse its discretion by granting defendants' request to take judicial notice of certain publicly filed documents from Santos's prior federal and state court actions. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (setting forth standard of review and explaining that a "court may take judicial notice of matters of public record" (citation and internal quotation marks omitted)).

**AFFIRMED.**

19-55906